## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BANNER & WITCOFF, LTD.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 1:07-1310 (ESH)** |
| **v.** | : | **Case Assigned to Judge Ellen S. Huvelle** |
| | : | **Next Event:** |
| **MORSE ENTERPRISES LIMITED, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

### DEFENDANT'S MOTION TO SET ASIDE
### DEFAULT JUDGMENT AND FILE ANSWER OUT OF TIME

COMES NOW, Morse Enterprises Limited, Inc., by and through counsel, THOMPSON O'DONNELL, LLP, and pursuant to Federal Rule of Civil Procedure Rule 60 moves this Court to set side the default judgment Order entered on October 9, 2007, and to file an Answer out of time.  For further support hereof, the undersigned respectfully refers this Court to the attached Memorandum of Points and Authorities.

In accordance with Local Civil Rule 7(m), undersigned counsel discussed this motion with plaintiff's counsel by telephone on October 17, 2007, and plaintiff's counsel does not consent to the relief sought.

WHEREFORE, Morse Enterprises prays this Court grant this motion and set aside the default judgment and accept for filing Morse Enterprises' verified Answer and Counterclaim that are attached hereto.

Respectfully submitted,

THOMPSON O'DONNELL, LLP


/s/ Matthew W. Carlson //
Matthew W. Carlson, # 448905
1212 New York Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 289-1133
Fax: (202) 289-0275
*Attorneys for Morse Enterprises*
*Limited, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Set Aside Default, Memorandum of Points and Authorities in support thereof, and proposed Order were sent by first class mail, postage pre-paid and/or by electronic transmission on October 24, 2007, to the following:

Peter F. Axelrad, Esq.
Matthew S. Evans, III, Esq.
COUNSIL, BARADEL, KOSMERL & NOLAN, P.A.
123 West Street
4th Floor
Annapolis, MD  21401


/s/ Matthew W. Carlson //
Matthew W. Carlson

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BANNER & WITCOFF, LTD.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 1:07-1310 (ESH)** |
| **v.** | : | **Case Assigned to Judge Ellen S. Huvelle** |
| | : | **Next Event:** |
| **MORSE ENTERPRISES LIMITED,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND TO FILE ANSWER OUT OF TIME

COMES NOW, Morse Enterprises Limited, Inc. (hereinafter "Morse Enterprises"), by and through counsel, THOMPSON O'DONNELL, LLP, and in support of its Motion to Set Aside The Default Judgment and File Answer Out of Time states as follows:

### Factual Background

This suit arises out of a dispute concerning the payment of legal fees. Plaintiff alleges that defendant owes $284,060.92 in legal fees for representation in litigation. Defendant has already paid plaintiff approximately $115,000.00 in fees for the representation in question and alleges that plaintiff is not entitled to payment of the additional amounts alleged in the instant suit. Defendant further asserts that plaintiff's negligent representation led to a disadvantageous settlement of the litigation in question causing damages to defendant.

The Complaint was filed and Summons issued in this matter on July 20, 2007. Morse Enterprises was served with the Complaint and Summons on September 5, 2007. Morse Enterprises made attempts to obtain counsel in Washington, D.C., but had difficulty doing so

because lawyers were reluctant to become involved in a suit between an attorney and a client. (See Affidavit of St. Louis at ¶ 6, attached hereto as Exhibit A).

On or about September 21, 2007, Roland R. St. Louis, Jr., Vice President of Corporate Affairs for Morse Enterprises, contacted the office of Charles R. Claxton, Esq., in Bethesda, Maryland, regarding representing Morse Enterprises' interests in this litigation. (Affidavit of St. Louis at ¶ 8). On September 24, 2007, Mr. St. Louis spoke to Mr. Claxton regarding representing Morse Enterprises' interest in this litigation. (Affidavit of St. Louis at ¶ 9). That day, Mr. Claxton sent an engagement letter to Morse Enterprises stating that his firm would represent Morse Enterprises in connection with this litigation. (See Affidavit of Mr. Claxton at ¶ 4, attached hereto as Exhibit B). Morse Enterprises signed the engagement letter and returned it to Mr. Claxton that same day. (Id.)

Also on September 25, 2007, Mr. Claxton contacted plaintiff's counsel, Peter F. Axelrad, Esq., regarding this litigation. Mr. Axelrad told Mr. Claxton that he would provide a one-week extension of time for Morse Enterprises to respond to the Complaint and if more time was needed, Mr. Claxton could just ask. (See Affidavit of Mr. Claxton at ¶ 5.) Mr. Claxton then communicated to Morse Enterprises that Plaintiff's counsel had consented to a one-week extension of time to respond to the Complaint and that a further extension could be obtained if necessary. (See Affidavit of St. Louis at ¶ 11).

On September 27, 2007, this Court *sua sponte* ordered "that by no later than October 11, 2007, plaintiff shall cause default to be entered and apply for entry of judgment thereon or show cause why a motion for entry of default has not been filed." On September 28, 2007, plaintiff filed a Motion for Entry of Default and Application for Judgment.

2

On October 3, 2007, due to circumstances unrelated to the merits of the case, Mr. Claxton informed Morse Enterprises that his firm would be unable to continue its representation of Morse Enterprises in this matter. (See Affidavit of Mr. St. Louis at ¶ 12). On Friday, October 5, 2007, Morse Enterprises obtained the name of undersigned counsel from an attorney in Miami, Florida, and left a message for undersigned counsel that day. On the Federal holiday, Monday, October 8, 2007, undersigned counsel returned Morse Enterprises' call and discussed potential representation in this matter. (See Affidavit of St. Louis at ¶ 14).

On October 9, 2007, this Court entered an Order granting plaintiff's Request for the Entering of a Default Judgment and entered judgment for the plaintiff in the amount of $284,060.92, plus costs.

On October 10, 2007, undersigned counsel forwarded a representation letter to Morse Enterprises. On Friday, October 12, 2007, Morse Enterprises provided the retainer required in the representation letter. (See Affidavit of St. Louis at ¶ 14). On Monday, October 15, 2007, undersigned counsel contacted plaintiff's attorney, Mr. Axelrad, and asked for his consent to setting aside the default judgment. Mr. Axelrad did not provide his consent.

### Legal Argument

Federal Rule of Civil Procedure Rule 60 provides, in relevant part, as follows:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. Rule 60(b). A motion for relief from default judgment should be granted when defendants have not willfully defaulted, the set aside of default will not prejudice plaintiff,

3

and defendants have alleged a meritorious defense. <u>Jackson v. Beech</u>, 636 F.2d 831, 832 (D.C. Cir. 1980). In addition, a party seeking relief from a default judgment must show good cause for defaulting, quick action in correcting the default, and the existence of a meritorious defense. <u>Id.</u> A trial on the merits is favored over the entry of default judgment. <u>Keegel v. Key West & Caribbean Trading Co., Inc.</u>, 627 F.2d 372, 374 (D.C. Cir. 1980); <u>see also</u> <u>Spann v. Commissioners of the District of Columbia</u>, 443 F.2d 715, 716 n.1 (D.C. Cir.1970)( "[T]he liberal spirit of [Rule 60(b) ], together with the basic policy favoring resolution of litigation on the merits requires us to review closely" denials of Rule 60(b) motions that have "preclude[d] consideration of the merits of the controversy."); <u>Moore's Federal Practice</u> 3d Ed. § 60.22[3][a] (citing cases from the Second, Third, Fourth, Fifth, Sixth, Seventh in Ninth Circuits) (If the party has meritorious defense, court should resolve all doubts in favor of setting aside default judgment so matter may be determined on merits.)

Defendant acted in good faith during this process and its conduct was in no way intended to delay or otherwise flaunt the court's Rules. Defendant's failure to file a timely responsive pleading was, at its worst, the result of a misunderstanding over the terms of an extension to file a responsive pleading. Morse Enterprises believed in good faith that it had retained counsel to represent its interests, that an extension to respond to the Complaint had been obtained from plaintiff, and that a further extension could be obtained if needed. It was only after Morse Enterprises was told by its prior counsel that he would not continue the representation that any concerns about the extension were learned by Morse Enterprises. Upon learning that its former counsel was not continuing the representation, Morse Enterprise acted diligently to obtain new counsel and file this motion.

4

Further, there will be no prejudice to plaintiff in setting aside the default judgment. The case is at its very early stages in this court, no trial date has been set, and no scheduling order has been entered. There is no danger that witness recollections have become stale or that information has been lost, or any other prejudice to plaintiff's ability to present its case.

Finally, Morse Enterprises has a meritorious defense to the plaintiff's claims and wishes to pursue its own counterclaim for relief against plaintiff arising out of the same transaction upon which the Complaint is based. See Verified Answer and Counterclaim attached hereto as Exhibit C. Morse Enterprises alleges that the invoices presented to it by plaintiff are excessive and it questions the effectiveness of plaintiff's representation. Id.

### CONCLUSION

WHEREFORE, for all the foregoing reasons, Morse Enterprises Limited, Inc., moves this Court to set aside the October 9, 2007, Order of default judgment and accept for filing *nunc pro tunc* Morse Enterprises Limited, Inc.'s Answer and Counterclaim which are attached hereto.

Respectfully submitted,

THOMPSON O'DONNELL, LLP

/s/ Matthew W. Carlson //
Matthew W. Carlson, # 448905
1212 New York Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 289-1133
Fax: (202) 289-0275
*Attorneys for Morse Enterprises Limited, Inc.*

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANNER & WITKOFF, LTD., | : |
| | : |
| Plaintiff | : |
| | : Civil Action # 07-1310 (ESH) |
| v. | : |
| | : |
| MORSE ENTERPRISES LIMITED, | : |
| INC. | : |
| | : |
| Defendant. | : |

### AFFIDAVIT OF ROLAND R. ST. LOUIS, JR.

1.      I, Roland R. St. Louis, Jr., am over the age of eighteen and am competent to testify.

2.      I am the Vice President of Corporate Affairs of Morse Enterprises Limited, Inc. (hereinafter "Morse Enterprises"), headquartered in Orlando, Florida. My office is located in Coral Gables, Florida.

3.      Sometime in late August 2007, I received a copy of a letter from Peter Axelrad, Esq., an attorney representing the Plaintiff in this action, indicating that he had filed or intended to file an action on behalf of the Plaintiff against Morse Enterprises, and indicating that the Plaintiff would be receptive to settlement negotiations.

4.      Subsequently, I had at least two telephone conversations with Mr. Axelrad's office to pursue settlement discussions, which were unproductive.

5.      I was advised by Morse Enterprises' President, Gerald O'Connor, that he had been served with a copy of the Complaint in this action on September 5, 2007, that the process server had previously unsuccessfully attempted service when he was not at the office, and had called to

arrange a meeting for the purpose of effectuating service on September 5, which he fully cooperated with.

6.    At the request of Mr. O'Connor, I began seeking referrals and trying to contact potential lawyers in the District of Columbia area. It was difficult to locate counsel because Morse Enterprises had no existing relationships with any law firms in the area other than the Plaintiff, and because the nature of this dispute being between our company and its own lawyers make the case one that several lawyers I spoke with were reluctant to become involved in.

7.    During the latter half of September, I had at least two telephone conversations with attorneys at Banner & Witcoff, including Robert Altherr, Esq. and Joseph Potenza, Esq., again in an attempt to pursue settlement options without litigation. They encouraged me to submit a settlement proposal in writing, which I did on Friday, September 21, 2007. I did not receive a formal reply to that proposal.

8.    Also on or about September 21, 2007, I called Charles R. Claxton, Esq. of the law firm Garson Claxton, LLC, in Bethesda, Maryland, regarding representation in this matter. I was unable to speak with Mr. Claxton at that time, but did speak with an assistant and left him a detailed message regarding representing Morse Enterprises' interest in this matter.

9.    On Monday, September 24, 2007, I had a telephone conversation with Mr. Claxton concerning this matter and Morse Enterprises' need for local counsel. Mr. Claxton indicated that subject to his partners' approval the following afternoon, his firm would represent Morse Enterprises, and I should email him copies of pertinent documents.

2

10.   On Tuesday, September 25, I emailed Mr. Claxton the documents he requested and later received an engagement letter from him, which I promptly signed and emailed back to him, indicating our agreement that his firm would represent Morse Enterprises in the matter.

11.   Also on September 25, 2007, Mr. Claxton indicated to me that he had contacted Plaintiff's counsel, Mr. Axelrad, and that Mr. Axelrad had consented to a one-week extension of time for Morse Enterprises to respond to the Complaint, and that a further extension could be obtained if necessary.

12.   On October 3, 2007, Mr. Claxton informed me that due to various circumstances that do not bear on the merits of this case, his firm declined to continue its representation of Morse Enterprises in this matter. I had a telephone conversation with Mr. Claxton, in which he indicated that he would contact opposing counsel in an effort to prevent any prejudice to Morse Enterprises, because we would have to seek replacement counsel.

13.   On October 5, 2007, I was referred to Matthew W. Carlson, Esq. of Thompson O'Donnell, LLP, in Washington, D.C. by an attorney friend of his in Miami, Florida. I called and left a voice message for Mr. Carlson that same day.

14.   On Monday, October 8, 2007, Mr. Carlson returned my call and I spoke with him regarding the need for representation of Morse Enterprises in this matter. At Mr. Carlson's request, I forwarded him copies of the Complaint and other correspondences. Mr. Carlson promptly followed up with me, performed a conflicts check and we entered into a formal engagement agreement for his firm to represent Morse Enterprises dated October 10, 2007. We wire transferred the required retainer to Mr. Carlson's firm on October 12, 2007.

15.     Morse Enterprises only learned of the default and default judgment when it received copies in the mail at its main office in Orlando, Florida, on October 8, 2007 and October 14, 2007, respectively.

16.     Based upon the circumstances, Morse Enterprises believed it had an extension of time in which to file a response to the Complaint in this matter.

17.     Morse Enterprises has acted in good faith at all times regarding this case and at no time did Morse Enterprises deliberately or willfully fail to file a response to the Complaint.

18.     In each of my prior communications with the Plaintiff and its counsel, Mr. Axelrad, I had indicated that Morse Enterprises intended to defend the action if a compromise could not be reached.

I solemnly affirm under the penalties of perjury that the contents of the foregoing Affidavit are true to the best of my knowledge, information and belief.

ROLAND R. ST. LOUIS, JR.
October 22, 2007

I, Jenifer Longa, a Notary Public in and for the State of Florida at Large, do hereby certify that Roland R. St. Louis, Jr., the above named affiant who is well known to me, personally appeared before me and executed the above document, and acknowledged that he executed same under oath.

Given under my hand and seal this 22nd day of October, 2007.

My Commission Expires:

4

NOTARY PUBLIC-STATE OF FLORIDA
Jenifer L. Longa
Commission # DD438199
Expires: JULY 29, 2009
Bonded Thru Atlantic Bonding Co., Inc.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BANNER & WITKOFF, LTD.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action # 97-1310 (ESH)** |
| v. | : | |
| | : | |
| **MORSE ENTERPRISES LIMITED, INC.** | : | |
| | : | |
| **Defendant.** | : | |

## AFFIDAVIT OF CHARLES R. CLAXTON

1. I, Charles R. Claxton, am over the age of eighteen and am competent to testify.

2. I am an attorney with the law firm of Garson Claxton, LLC, located in Bethesda, Maryland. I am admitted to practice in the District of Columbia and have been a member of the bar of the United States District Court for the District of Columbia since 1979.

3. On September 25, 2007, I received a call from Roland St. Louis, Jr., who identified himself as an officer of Morse Enterprises Limited, Inc. (hereinafter "Morse Enterprises"). Mr. Morse explained a bit about this litigation and asked me to represent Morse Enterprises in this litigation. During the course of the conversation, I recognized Mr. St. Louis's name as having been on a written message left for me by my firm's receptionist and which I had not returned. I no longer have the message, but the date of his earlier call likely was Friday, September 21, 2007.

1

4. Mr. St. Louis told me he thought the complaint filed by plaintiff had been served on Morse on September 5, 2007. I pointed out to Mr. St. Louis that service on September 5 meant that the answer or other response was due that day. I informed Mr. St. Louis that because they were a new client and located in Florida, we would not do any work until we had both a formal retainer agreement and an initial deposit against which we would bill for our work. I told him that in light of the fact that the answer was already due, I would see that a retainer agreement was prepared immediately. That day, September 25, 2007, I sent a retainer agreement by email to Mr. St. Louis for representation of Morse Enterprises in connection with this litigation. Mr. St. Louis signed and returned the written agreement by email that evening.

5. Also on September 25, 2007, I spoke with plaintiff's counsel, Peter F. Axelrad, Esq., about this litigation. I told Mr. Axelrad that I anticipated being retained by Morse Enterprises and asked if he would be kind enough to extend the time to respond for one week because the answer was actually due that day. Mr. Axelrad told me that the answer was already overdue because the summons and complaint had actually been served on September 4, not September 5. He nevertheless agreed to provide me a one-week extension of time to respond to the Complaint on behalf of Morse Enterprises and said that if I needed an additional day or two that I needed only let him know. I told Mr. Axelrad that I did not expect to need additional time as I anticipated knowing promptly whether I would be representing Morse Enterprises.

6. On October 3, 2007, for reasons not bearing on the merits of this case, I determined that my firm would not undertake representation of Morse Enterprises in this matter and I informed Mr. St. Louis of this decision. That same afternoon, I informed plaintiff's counsel, Mr. Axelrad, by voicemail and email that I would not be representing Morse Enterprises.

2

I solemnly affirm under the penalties of perjury that the contents of the foregoing

Affidavit are true to the best of my knowledge, information and belief.


_____
CHARLES R. CLAXTON

_____October 16, 2007_____
DATE

3

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANNER & WITCOFF, LTD., | : |
| | : |
| Plaintiff | : |
| | : |
| | : Civil Action No. 1:07-1310 (ESH) |
| v. | : Case Assigned to Judge Ellen S. Huvelle |
| | : Next Event: |
| MORSE ENTERPRISES LIMITED, | : |
| INC. | : |
| | : |
| Defendant. | : |

## ANSWER AND COUNTERCLAIM

COMES NOW, defendant Morse Enterprises Limited, Inc., (hereinafter "Morse

Enterprises") by and through counsel, THOMPSON O'DONNELL, LLP, and for its Answer to

the Complaint states as follows:

### FIRST DEFENSE

The Complaint and each claim therein fails to state a cause of action or a claim upon

which relief may be granted against defendant.

### SECOND DEFENSE

This Court lacks personal jurisdiction over defendant.

### THIRD DEFENSE

This Court is the improper venue for this action.

### FOURTH DEFENSE

Responding to the specific allegations in the Complaint against it, defendant states as

follows:

### The Parties

1.     Upon information and belief, admitted.

2.    Admitted.

### Jurisdiction and Venue

3.    Denied.

4.    Denied.

5.    Denied.

### Facts

6.    Denied.

7.    Admitted that between August 2004 and August 2006 plaintiff provided legal services to defendant. The remaining allegations of this paragraph are denied.

8.    Admitted that defendant paid some but not all amounts as invoiced by plaintiff. The remaining allegations of this paragraph are denied.

9.    Admitted.

10.   The Complaint does not contain a paragraph 10.

### Claim for Relief
### Breach of Contract

11.   Morse Enterprises restates and incorporates paragraphs 1-10 above as if fully set forth herein.

12.   Denied.

13.   Denied.

14.   Denied.

### FIFTH DEFENSE

The Complaint is barred by the terms of any alleged contract or by plaintiff's breach of

the terms of any such alleged contract.

<h2 style="text-align:center">SIXTH DEFENSE</h2>

Any amount to be recovered by plaintiff should be subject to setoff or equitable adjustment for the damages suffered by defendant due to plaintiff's negligence and/or material nonperformance.

<h2 style="text-align:center">SEVENTH DEFENSE</h2>

Plaintiff failed to perform conditions precedent to suit, including performance of its duties under an oral agreement to provide specified legal services outside this jurisdiction and failure or refusal to submit timely and accurate billing statements when requested to do so.

<h2 style="text-align:center">EIGHTH DEFENSE</h2>

Defendant reserves the right to rely on any additional defenses which become apparent through further investigation or discovery.

WHEREFORE, defendant Morse Enterprises Limited, Inc., prays that the Complaint be dismissed with costs and attorneys' fees assessed against plaintiff.

<h2 style="text-align:center">COUNTERCLAIM</h2>

COMES NOW, defendant/counterclaimant Morse Enterprises Limited, Inc., by and through its attorneys, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its Counterclaim against plaintiff/counterclaim defendant Banner & Witcoff, Ltd., states as follows:

1.     On or about August or September of 2004, Morse Enterprises entered into an agreement with plaintiff for plaintiff to provide Morse Enterprises with legal services, specifically representing Morse Enterprises' interests in litigation against Chemical Dynamics,

3

Inc. (hereinafter "CDI"), including but not limited to the following actions: (1) Morse Enterprises, Limited, Inc. v. Chemical Dynamics, Inc., No. 1:04-cv-03300-BBM, U.S. District Court, Northern District of Georgia; (2) Morse Enterprises Limited, Inc. v. Chemical Dynamics, Inc., No. 8:05-cv-00641-EAK-TBM, U.S. District Court, Middle District of Florida; and (3) Morse Enterprises v. Chemical Dynamics, Inc., No. 1:06-cv-20608-MGC, U.S. District Court, Southern District of Florida.

      2.      From August 2004 through August 2006, plaintiff/counterclaim defendant performed legal services for Morse Enterprises in connection with the actions referenced in paragraph 1 above.

      3.      Plaintiff/counterclaim defendant represented Morse Enterprises in litigation, discovery, pretrial proceedings and court-ordered alternate dispute resolution in connection with the matters referred to in paragraph 1 above.

      4.      Morse Enterprises paid plaintiff/counterclaim defendant a retainer and certain amounts billed to it by plaintiff/counterclaim defendant.

      5.      During the course of litigation and settlement negotiations, plaintiff/counterclaim defendant made various mistakes, errors of judgment and/or failures to competently perform the services for which Morse Enterprises had hired plaintiff/counterclaim defendant, to wit:

          a.   Plaintiff/counterclaim defendant and its agents/employees failed to properly prosecute the patent infringement claim against CDI;

          b.   Plaintiff/counterclaim defendant advised Morse Enterprises to pursue claims for patent infringement against CDI in Federal Court, in lieu of proceeding with the state court action Morse Enterprises had pending against CDI;

4

c. Plaintiff/counterclaim defendant recommended and spent significant time, expense and effort to bring the patent infringement case against CDI in Atlanta, Georgia, and in defending that choice of venue, which the court subsequently ruled was clearly an improper venue;

d. Plaintiff/counterclaim defendant and its agents/employees failed to keep Morse Enterprises reasonably informed about the progress of the litigation and/or concealed important developments and other matters in connection with their legal representation of Morse Enterprises;

e. Plaintiff/counterclaim defendant took depositions of several key witnesses which were largely ineffective, ignoring discrete inquiries being identified in advance by Morse Enterprises;

f. Plaintiff/counterclaim defendant failed to depose a representative from the Goemar Company in France, who could have authenticated and/or validated specific documents that were vital to Morse Enterprises' case;

g. Because plaintiff/counterclaim defendant failed to pursue the discovery deposition of Goemar as specifically promised to Morse Enterprises before being engaged, it also failed to identify and depose Goemar's representative or agent Randy Bowman, who had actual knowledge that CDI was deliberately infringing upon Morse Enterprises' patent by deliberately manufacturing a similar product using Goemar's seaweed extract, and Mr. Bowman's testimony alone could have favorably determined the result of the patent infringement action;

h. Plaintiff/counterclaim defendant failed to perform certain services it told Morse

5

Enterprises that it would perform to prepare the case for a dispositive motion;

i.  Plaintiff/counterclaim defendant failed to submit timely and accurate billing statements when requested to do so.

j.  Plaintiff/counterclaim defendant overcharged Morse Enterprises for its services and in some cases presented duplicative time entry billings;

k.  On two separate occasions, plaintiff/counterclaim defendant held case strategy meetings, where plaintiff/counterclaim defendant presented power point presentations on information already known and discussed by plaintiff/counterclaim defendant and Morse Enterprises, and billed defendant for such presentations and meetings;

l.  After failing to diligently prosecute the action and the discovery and motion practice it promised, plaintiff/counterclaim defendant advised Morse Enterprises to settle the litigation on terms that were not justified under the facts and the law;

m.  Plaintiff/counterclaim defendant improperly recommended Morse Enterprises settle its claims based, in part, on the basis of the challenge to the validity of the patent by CDI that plaintiff/counterclaim defendant had secured for Morse Enterprises;

n.  Plaintiff/counterclaim defendant recommended settlement that no reasonable attorney, having undertaken a reasonable investigation into the facts and law as would be appropriate under the circumstances, and with knowledge of the same facts, would have recommended.

## Count I (Professional Negligence)

6.     Defendant restates and incorporates paragraphs 1 - 5 of the Counterclaim as though fully set forth herein.

7.     Plaintiff/counterclaim defendant, while acting as Morse Enterprises' attorneys in connection with the litigation referenced above, owed a duty of care to Morse Enterprises by virtue of the attorney-client relationship.

8.     Plaintiff/counterclaim defendant breached the standard of care applicable to attorneys in the relevant community by providing Morse Enterprises with inadequate legal advice, failing or refusing to take specific actions it promised to take in representing Morse Enterprises, and failing to do what a reasonable and prudent professional in the legal field would have done under the circumstances.

9.     As a direct, proximate and foreseeable result of plaintiff/counterclaim defendant's aforementioned misconduct detailed in paragraph 5(a)-(n) above, Morse Enterprises was forced to incur substantial unnecessary expenses, to forego a meaningful financial recovery and permanent injunctive relief against the infringer of its patent, and was effectively forced to enter into a disadvantageous settlement, and sustained damages as a result.

10.     Morse Enterprises prays for judgment as hereinafter set forth.

## Count II (Breach of Contract)

11.     Defendant restates and incorporates paragraphs 1 - 10 of the Counterclaim as though fully set forth herein.

12.     As described above, Morse Enterprises entered into an oral agreement with

7

plaintiff/counterclaim defendant for legal representation, under the terms of which it was obligated to represent Morse Enterprises' interest in litigation competently and to take certain specified actions in order to vindicate and protect Morse Enterprises' rights and interests under its patent.

13.    Morse Enterprises performed its obligations under the agreement and paid all amounts required under the agreement.

14.    Plaintiff/counterclaim defendant breached its agreement with defendant by failing to represent Morse Enterprises' interests in the litigation competently and failed to perform the specific actions it promised to Morse Enterprises.  Plaintiff/ counterclaim defendant made various mistakes, errors of judgment, omissions and/or failures to competently perform the services for which Morse Enterprises hired plaintiff/counterclaim defendant as outlined in paragraph 5(a)-(n).

15.    As a direct, proximate and foreseeable result of Plaintiff/counterclaim defendant's breaches of the agreement, as described in paragraph 5(a)-(n) above, Morse Enterprises sustained damages.

WHEREFORE, Morse Enterprises Limited, Inc. prays for judgment as follows:

1. For general, special and consequential damages in the amount of $1,000,000.00, based upon the loss of a financial recovery as against CDI, and continuing loss of market share to CDI;

2. For disgorgement of legal fees they had paid, in the amount of $115,000.00;

3. For prejudgment and postjudgment interest on any award as permitted by law;

4. For attorney's fees and costs of suit herein;

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Defendant/counterclaimant Morse Enterprises demands a trial by jury on plaintiff's

Complaint against it and the Counterclaim against plaintiff /counterclaim defendant.

## VERIFICATION

I, Roland R. St. Louis, Jr., declare as follows:

1.     I am currently the Vice President of Corporate Affairs for Morse Enterprises

Limited, Inc.

2.     I have served Morse Enterprises Limited, Inc. in various capacities for

approximately the past 15 years.

3.     I have personal knowledge of the facts about Morse Enterprises Limited, Inc. and

its activities set forth in the foregoing Answer and Counterclaim and if called on to testify as to

these matters would do so competently.

4.     I verify under penalty of perjury under the laws of the United States of America

that the forgoing is true and correct.

Subscribed and sworn this 24th day of the October, 2007.

MORSE ENTERPRISES LIMITED, INC.

By:  Roland R. St. Louis, Jr.
Its:  Vice President of Corporate Affairs

9

Respectfully submitted,

THOMPSON O'DONNELL, LLP

Matthew W. Carlson, # 448905
1212 New York Avenue, N.W.,
Suite 1000
Washington, DC 20005
Phone: (202) 289-1133
Fax: (202) 289-0275
*Attorneys for Morse Enterprises
Limited, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BANNER & WITCOFF, LTD.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 1:07-1310 (ESH)** |
| **v.** | : | **Case Assigned to Judge Ellen S. Huvelle** |
| | : | **Next Event:** |
| **MORSE ENTERPRISES LIMITED,** | : | |
| **INC.** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

Upon consideration of defendant's Motion To Set Aside The Default Judgment and To

File Answer Out of Time, the Memorandum of Points and Authorities filed in support thereof,

any opposition thereto, the pleadings and the record in this matter, it is this _____ day of

_____, 2007,

ORDERED, that defendant's Motion To Set Aside The Default Judgment and To File

Answer Out of Time be and the same hereby is GRANTED; and it is

FURTHER ORDERED, that the default judgment entered herein be and the same is

hereby set aside; and it is

FURTHER ORDERED, that defendant's Answer and Counter Claim which were

attached to the Motion To Set Aside The Default Judgment and To File Answer Out of Time as

Exhibit C, be and are hereby deemed filed *nunc pro tunc* as of the date this motion was filed.

_____
Judge

1

COPIES TO:

Matthew W. Carlson, Esq.
THOMPSON O'DONNELL, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC  20005

Peter F. Axelrad, Esq.
Matthew S. Evans, III, Esq.
COUNSIL, BARADEL, KOSMERL & NOLAN, P.A.
123 West Street
4th Floor
Annapolis, MD  21401