IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BANNER & WITCOFF, LTD.,                    :
                                           :
        Plaintiff                          :
                                           :
                                           :    Civil Action No. 1:07-1310 (ESH)
    v.                                     :    Case Assigned to Judge Ellen S. Huvelle
                                           :    Next Event:
MORSE ENTERPRISES LIMITED,                 :
INC.                                       :
                                           :
        Defendant.                         :

## ANSWER AND COUNTERCLAIM

COMES NOW, defendant Morse Enterprises Limited, Inc., (hereinafter "Morse

Enterprises") by and through counsel, THOMPSON O'DONNELL, LLP, and for its Answer to

the Complaint states as follows:

### FIRST DEFENSE

The Complaint and each claim therein fails to state a cause of action or a claim upon

which relief may be granted against defendant.

### SECOND DEFENSE

This Court lacks personal jurisdiction over defendant.

### THIRD DEFENSE

This Court is the improper venue for this action.

### FOURTH DEFENSE

Responding to the specific allegations in the Complaint against it, defendant states as

follows:

### The Parties

1.      Upon information and belief, admitted.

2.      Admitted.

### Jurisdiction and Venue

3.      Denied.

4.      Denied.

5.      Denied.

### Facts

6.      Denied.

7.      Admitted that between August 2004 and August 2006 plaintiff provided legal services to defendant.  The remaining allegations of this paragraph are denied.

8.      Admitted that defendant paid some but not all amounts as invoiced by plaintiff.  The remaining allegations of this paragraph are denied.

9.      Admitted.

10.     The Complaint does not contain a paragraph 10.

### Claim for Relief
### Breach of Contract

11.     Morse Enterprises restates and incorporates paragraphs 1-10 above as if fully set forth herein.

12.     Denied.

13.     Denied.

14.     Denied.

### FIFTH DEFENSE

The Complaint is barred by the terms of any alleged contract or by plaintiff's breach of

the terms of any such alleged contract.

## SIXTH DEFENSE

Any amount to be recovered by plaintiff should be subject to setoff or equitable adjustment for the damages suffered by defendant due to plaintiff's negligence and/or material nonperformance.

## SEVENTH DEFENSE

Plaintiff failed to perform conditions precedent to suit, including performance of its duties under an oral agreement to provide specified legal services outside this jurisdiction and failure or refusal to submit timely and accurate billing statements when requested to do so.

## EIGHTH DEFENSE

Defendant reserves the right to rely on any additional defenses which become apparent through further investigation or discovery.

WHEREFORE, defendant Morse Enterprises Limited, Inc., prays that the Complaint be dismissed with costs and attorneys' fees assessed against plaintiff.

## COUNTERCLAIM

COMES NOW, defendant/counterclaimant Morse Enterprises Limited, Inc., by and through its attorneys, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its Counterclaim against plaintiff/counterclaim defendant Banner & Witcoff, Ltd., states as follows:

1.     On or about August or September of 2004, Morse Enterprises entered into an agreement with plaintiff for plaintiff to provide Morse Enterprises with legal services, specifically representing Morse Enterprises' interests in litigation against Chemical Dynamics,

Inc. (hereinafter "CDI"), including but not limited to the following actions: (1) Morse Enterprises, Limited, Inc. v. Chemical Dynamics, Inc., No. 1:04-cv-03300-BBM, U.S. District Court, Northern District of Georgia; (2) Morse Enterprises Limited, Inc. v. Chemical Dynamics, Inc., No. 8:05-cv-00641-EAK-TBM, U.S. District Court, Middle District of Florida; and (3) Morse Enterprises v. Chemical Dynamics, Inc., No. 1:06-cv-20608-MGC, U.S. District Court, Southern District of Florida.

2.      From August 2004 through August 2006, plaintiff/counterclaim defendant performed legal services for Morse Enterprises in connection with the actions referenced in paragraph 1 above.

3.      Plaintiff/counterclaim defendant represented Morse Enterprises in litigation, discovery, pretrial proceedings and court-ordered alternate dispute resolution in connection with the matters referred to in paragraph 1 above.

4.      Morse Enterprises paid plaintiff/counterclaim defendant a retainer and certain amounts billed to it by plaintiff/counterclaim defendant.

5.      During the course of litigation and settlement negotiations, plaintiff/counterclaim defendant made various mistakes, errors of judgment and/or failures to competently perform the services for which Morse Enterprises had hired plaintiff/counterclaim defendant, to wit:

    a.  Plaintiff/counterclaim defendant and its agents/employees failed to properly prosecute the patent infringement claim against CDI;

    b.  Plaintiff/counterclaim defendant advised Morse Enterprises to pursue claims for patent infringement against CDI in Federal Court, in lieu of proceeding with the state court action Morse Enterprises had pending against CDI;

c.  Plaintiff/counterclaim defendant recommended and spent significant time, expense and effort to bring the patent infringement case against CDI in Atlanta, Georgia, and in defending that choice of venue, which the court subsequently ruled was clearly an improper venue;

d.  Plaintiff/counterclaim defendant and its agents/employees failed to keep Morse Enterprises reasonably informed about the progress of the litigation and/or concealed important developments and other matters in connection with their legal representation of Morse Enterprises;

e.  Plaintiff/counterclaim defendant took depositions of several key witnesses which were largely ineffective, ignoring discrete inquiries being identified in advance by Morse Enterprises;

f.  Plaintiff/counterclaim defendant failed to depose a representative from the Goemar Company in France, who could have authenticated and/or validated specific documents that were vital to Morse Enterprises' case;

g.  Because plaintiff/counterclaim defendant failed to pursue the discovery deposition of Goemar as specifically promised to Morse Enterprises before being engaged, it also failed to identify and depose Goemar's representative or agent Randy Bowman, who had actual knowledge that CDI was deliberately infringing upon Morse Enterprises' patent by deliberately manufacturing a similar product using Goemar's seaweed extract, and Mr. Bowman's testimony alone could have favorably determined the result of the patent infringement action;

h.  Plaintiff/counterclaim defendant failed to perform certain services it told Morse

Enterprises that it would perform to prepare the case for a dispositive motion;

i.  Plaintiff/counterclaim defendant failed to submit timely and accurate billing statements when requested to do so.

j.  Plaintiff/counterclaim defendant overcharged Morse Enterprises for its services and in some cases presented duplicative time entry billings;

k.  On two separate occasions, plaintiff/counterclaim defendant held case strategy meetings, where plaintiff/counterclaim defendant presented power point presentations on information already known and discussed by plaintiff/counterclaim defendant and Morse Enterprises, and billed defendant for such presentations and meetings;

l.  After failing to diligently prosecute the action and the discovery and motion practice it promised, plaintiff/counterclaim defendant advised Morse Enterprises to settle the litigation on terms that were not justified under the facts and the law;

m.  Plaintiff/counterclaim defendant improperly recommended Morse Enterprises settle its claims based, in part, on the basis of the challenge to the validity of the patent by CDI that plaintiff/counterclaim defendant had secured for Morse Enterprises;

n.  Plaintiff/counterclaim defendant recommended settlement that no reasonable attorney, having undertaken a reasonable investigation into the facts and law as would be appropriate under the circumstances, and with knowledge of the same facts, would have recommended.

## Count I (Professional Negligence)

6.      Defendant restates and incorporates paragraphs 1 - 5 of the Counterclaim as though fully set forth herein.

7.      Plaintiff/counterclaim defendant, while acting as Morse Enterprises' attorneys in connection with the litigation referenced above, owed a duty of care to Morse Enterprises by virtue of the attorney-client relationship.

8.      Plaintiff/counterclaim defendant breached the standard of care applicable to attorneys in the relevant community by providing Morse Enterprises with inadequate legal advice, failing or refusing to take specific actions it promised to take in representing Morse Enterprises, and failing to do what a reasonable and prudent professional in the legal field would have done under the circumstances.

9.      As a direct, proximate and foreseeable result of plaintiff/counterclaim defendant's aforementioned misconduct detailed in paragraph 5(a)-(n) above, Morse Enterprises was forced to incur substantial unnecessary expenses, to forego a meaningful financial recovery and permanent injunctive relief against the infringer of its patent, and was effectively forced to enter into a disadvantageous settlement, and sustained damages as a result.

10.      Morse Enterprises prays for judgment as hereinafter set forth.

## Count II (Breach of Contract)

11.      Defendant restates and incorporates paragraphs 1 - 10 of the Counterclaim as though fully set forth herein.

12.      As described above, Morse Enterprises entered into an oral agreement with

plaintiff/counterclaim defendant for legal representation, under the terms of which it was obligated to represent Morse Enterprises' interest in litigation competently and to take certain specified actions in order to vindicate and protect Morse Enterprises' rights and interests under its patent.

13.     Morse Enterprises performed its obligations under the agreement and paid all amounts required under the agreement.

14.     Plaintiff/counterclaim defendant breached its agreement with defendant by failing to represent Morse Enterprises' interests in the litigation competently and failed to perform the specific actions it promised to Morse Enterprises.  Plaintiff/ counterclaim defendant made various mistakes, errors of judgment, omissions and/or failures to competently perform the services for which Morse Enterprises hired plaintiff/counterclaim defendant as outlined in paragraph 5(a)-(n).

15.     As a direct, proximate and foreseeable result of Plaintiff/counterclaim defendant's breaches of the agreement, as described in paragraph 5(a)-(n) above, Morse Enterprises sustained damages.

WHEREFORE, Morse Enterprises Limited, Inc. prays for judgment as follows:

1.   For general, special and consequential damages in the amount of $1,000,000.00, based upon the loss of a financial recovery as against CDI, and continuing loss of market share to CDI;

2.   For disgorgement of legal fees they had paid, in the amount of $115,000.00;

3.   For prejudgment and postjudgment interest on any award as permitted by law;

4.   For attorney's fees and costs of suit herein;

5.   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Defendant/counterclaimant Morse Enterprises demands a trial by jury on plaintiff's

Complaint against it and the Counterclaim against plaintiff/counterclaim defendant.


## VERIFICATION

I, Roland R. St. Louis, Jr., declare as follows:

1.      I am currently the Vice President of Corporate Affairs for Morse Enterprises

Limited, Inc.

2.      I have served Morse Enterprises Limited, Inc. in various capacities for

approximately the past 15 years.

3.      I have personal knowledge of the facts about Morse Enterprises Limited, Inc. and

its activities set forth in the foregoing Answer and Counterclaim and if called on to testify as to

these matters would do so competently.

4.      I verify under penalty of perjury under the laws of the United States of America

that the forgoing is true and correct.

Subscribed and sworn this 24th day of the October, 2007.

MORSE ENTERPRISES LIMITED, INC.

By:  Roland R. St. Louis, Jr.
Its:  Vice President of Corporate Affairs

Respectfully submitted,

THOMPSON O'DONNELL, LLP

Matthew W. Carlson, # 448905
1212 New York Avenue, N.W.,
Suite 1000
Washington, DC  20005
Phone: (202) 289-1133
Fax: (202) 289-0275
*Attorneys for Morse Enterprises
Limited, Inc.*