UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BANNER & WITCOFF, LTD.**            ) | |
|                                                         ) | |
|     ***Plaintiff/Counter-Defendant,*** ) | |
|                                                         ) | **Civil Action No. 07-1310** |
| v.                                                  ) | Judge Ellen S. Huvelle |
|                                                         ) | |
| **MORSE ENTERPRISES LTD., INC.**  ) | |
|                                                         ) | |
|     ***Defendant/Counter-Plaintiff.***    ) | |

<u>**PLAINTIFF/COUNTER-DEFENDANT BANNER & WITCOFF'S
ANSWER TO DEFENDANT/COUNTER-PLAINTIFF
MORSE ENTERPRISES' COUNTERCLAIM**</u>

Plaintiff/Counter-Defendant Banner & Witcoff, Ltd. ("Plaintiff" or "B&W"), by and through its undersigned counsel, hereby answers Defendant/Counter-Plaintiff Morse Enterprises Ltd. Inc.'s ("Defendant" or "Morse") Counterclaim and states as follows:

1. Plaintiff admits that it was engaged by Morse to bring a patent infringement claim against Chemical Dynamics, Inc. Plaintiff further admits that it represented Morse in each of the three actions enumerated in Paragraph 1. Plaintiff denies any remaining allegations contained in Paragraph 1.

2. Plaintiff admits that it was engaged by Morse to bring a patent infringement claim against Chemical Dynamics, Inc., Plaintiff further admits that it provided Morse with legal services in connection with that claim. Plaintiff denies any remaining allegations contained in Paragraph 2.

3. Plaintiff admits that it was engaged by Morse to bring a patent infringement claim against Chemical Dynamics, Inc. Plaintiff further admits that it represented Morse in litigation,

discovery and pre-trial proceedings in connection with that claim. Defendant denies any remaining allegations contained in Paragraph 3.

4. Plaintiff admits that Morse paid it some, but not all, amounts billed by Plaintiff. Plaintiff denies any remaining allegations contained in Paragraph 4.

5. Plaintiff denies the allegations contained in Paragraph 5.

### COUNT I (Professional Negligence)

6. Plaintiff adopts and incorporates its answers as set forth in Paragraphs 1-5.

7. Paragraph 7 is a legal conclusion to which no response is required.

8. Plaintiff denies the allegations contained in Paragraph 8.

9. Plaintiff denies the allegations contained in Paragraph 9.

10. Paragraph 10 contains no factual allegations to which a response is required. To the extent a further response is required, Plaintiff denies that Morse is entitled to the relief requested.

### COUNT II (Breach of Contract)

11. Plaintiff adopts and incorporates its answers as set forth in Paragraphs 1-10.

12. Plaintiff denies, as phrased, the allegations contained in Paragraph 12.

13. Plaintiff denies the allegations contained in Paragraph 13.

14. Plaintiff denies the allegations contained in Paragraph 14.

15. Plaintiff denies the allegations contained in Paragraph 15.

Any allegations of the Counterclaim that are not herein expressly admitted are, as a result, denied.

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by contributory negligence and/or assumption of the risk.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff breached no duty owed to Defendant in this matter.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has failed to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

The damages suffered by Defendant, if any, were the direct and proximate result of a superseding, intervening cause unrelated to Plaintiff's alleged negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants claims are barred by the statute of the limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff reserves the right to amend or supplement its Affirmative Defenses as discovery proceeds in this matter.

WHEREFORE, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim with prejudice, with costs and attorneys fees awarded to Plaintiff.

Respectfully submitted:

| /s/ Pamela A. Bresnahan | /s/ Peter F. Axelrad |
|---|---|
| Pamela A. Bresnahan (Bar No. 366735) | Peter F. Axelrad (Bar No. 442431) |
| Nicholas B. Reuhs (Bar No. 500005) | COUNCIL, BARADEL, KOSMERL & |
| VORYS, SATER, SEYMOUR | NOLAN, P.A. |
| AND PEASE LLP | 125 West Street, Fourth Floor |
| 1828 L Street, N.W., Suite 1111 | Post Office Box 2289 |
| Washington, D.C. 20036 | Annapolis, Maryland 21404-2289 |
| (202) 467-8800 | Annapolis: (410) 268-6600 |
| Fax: (202) 467-8900 | Baltimore: (410) 269-6190 |
| *Attorneys for Plaintiff/Counter-* | Washington: (301) 261-2247 |
| *Defendant Banner & Witcoff, Ltd.* | *Attorneys for Plaintiff/Counter-Defendant Banner & Witcoff, Ltd.* |

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and the Local Rules, I certify that on this 19th day of December, 2007, a copy of the foregoing Answer was filed electronically. Service of this filing to all parties, including those listed below, will be accomplished by operation of the Court's ECF system, and parties may access this filing through the Court's system:

>Matthew Wesley Carlson, Esquire
>THOMPSON, O'DONNELL, LLP
>1212 New York Avenue, NW
>Suite 1000
>Washington, DC 20005-3987

/s/ Pamela A. Bresnahan
Pamela A. Bresnahan

4